

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kevin Klarell Washington | ) | CASE NO. CR406-000205-001 |

## ORDER

Defendant Kevin Klarell Washington has filed a Motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c), based upon the retroactive crack cocaine amendment. The Court finds that Defendant is eligible for consideration of such reduction. The Court further finds that his amended offense level is 29 and the amended advisory guideline range is 140 to 175 months.

The Court, after considering the sentencing factors set forth in 18 U.S.C. 3553(a), is not persuaded by Defendant's request for a reduction in sentence based upon the egregious facts of this case. A confidential informant purchased crack cocaine from Defendant on five occasions between late 2004 and early 2005. In August 2005, agents with the Drug Enforcement Administration (DEA) traveled to Defendant's home and seized two vehicles that had been used by Defendant during his drug transactions. The next day, Defendant and his wife met with DEA agents and learned that information pertaining to Defendant's involvement in selling crack cocaine would soon be presented to the grand jury. Agents offered Defendant the opportunity to assist the DEA in the investigation of other drug dealers, and Defendant asked for time to consider the agents' offer.

Defendant, Defendant's wife, and several other individuals concocted a plan to fake Defendant's death. On September 13, 2005, Timothy Sapp, Defendant's brother-in-law, sent an

emergency distress call to the United States Coast Guard and reported Defendant had fallen overboard from a boat while shrimping in the Wilmington River. Over the next 48 hours, the Coast Guard utilized resources totaling $314,019 in attempts to locate Defendant. Defendant's wife also attempted to get the DEA to pay $33,000 for a diver to continue the search for Defendant after the Coast Guard discontinued its search. Fortunately, the DEA refused to provide the requested funds.

Family and friends held a memorial service for Defendant on October 1, 2005. Federal agents were not convinced that Defendant had drowned and took steps to locate Defendant. After nine months of investigating the suspicious circumstances of Defendant's alleged drowning, DEA agents apprehended Defendant in Orlando, Florida. Defendant initially told agents his name was Jerome Jenkins; however, he eventually admitted his true identity.

After considering the circumstances of Defendant's actions, the Court concludes that the sentence imposed, 188 months, reflects the seriousness of the offenses, promotes respect for the law, provides just punishment for Defendant's actions, and affords adequate deterrence to similar criminal conduct. As such, Defendant's motion is **DENIED**.

**SO ORDERED**, this _24th_ day of June, 2009.

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia