IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA    *
                            *
v.                          *    CR 406-205
                            *
KEVIN KLARELL WASHINGTON    *

# ORDER

On December 4, 2006, Defendant Kevin Klarell Washington was sentenced to serve 188 months imprisonment with five years of supervised release and to pay a $200 special assessment and $314,019.25 plus interest in restitution. As of end of April 2018, Washington has paid $14,604.19 towards his special assessment and restitution; he has an outstanding balance of $472,319.20.

Presently, Washington has filed two motions respecting the restitution judgment. First, Washington seeks reimbursement of $7000 from an income tax return that was intercepted by the Treasury Offset Program in payment toward his restitution. Second, Washington asks this Court to modify the restitution judgment by *retroactively* waiving any interest. The Government opposes both motions.

Treasury Offset Program

The Mandatory Victims Restitution Act ("MVRA") makes civil remedies for collecting unpaid fines available to the Government for collecting unpaid restitution judgments. See 18 U.S.C. §§ 3613(f), 3664(m)(1)(A). The chief enforcement provision for collection of fines or restitution is set forth in § 3613(a):

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . .

Section 3613(a) recognizes three types of exceptions to the enforcement of restitution orders, none of which apply here. See id. Thus, the Government may seize Washington's tax refund money.

Washington does not necessarily object to the Government's ability to seize this asset; rather, he contends the seizure is unreasonable in light of the fact that he continues to make $300 monthly payments toward restitution. Washington also complains that he did not receive fair notice of the seizure.

The Government is not restricted to collecting restitution from the monthly payments alone, particularly in

2

light of the fact that Washington still owes $472,319.20 and is otherwise only collecting $3600 annually. Further, the notice provisions cited by Washington, 18 U.S.C. § 3612(d) and (e), apply only where a defendant is delinquent or in default on his restitution payments. These provisions do not require notice to a person subject to the Treasury Offset Program nor do they require the defendant to be delinquent or in default prior to using the Treasury Offset Program. In short, the Court finds the Government's use of the Treasury Offset Program appropriate and reasonable under the circumstances. Washington's motion for reimbursement of his tax refund money (doc. 141) is **DENIED**.

Modification of Interest

By separate motion, Washington asks the Court to *retroactively* waive the term of imposed interest on the restitution order. Under 18 U.S.C. § 3612(f)(3), the Court may waive the requirement of interest on a fine or restitution, limit the imposition of interest to a specific dollar amount, or limit the length of time that interest accrues, if the Court determines that the defendant does not have the ability to pay. The Government opposes the motion, arguing that this Court is without authority to modify the imposition of interest.

3

District courts are split on whether § 3612(f)(3) provides post-sentencing jurisdiction. While some courts conclude that § 3612(f)(3) applies only at the time of sentencing, other courts reason that nothing in the statute precludes post-sentencing reconsideration of interest. See United States v. Allen, 2017 WL 5560415 (W.D. Tex. Nov. 13, 2017) (collecting opposing cases and concluding that § 3612(f)(3) confers jurisdiction on a district court to modify a defendant's restitution interest).

The Eleventh Circuit tangentially addressed the issue in United States v. Rostan, 565 F. App'x 798 (11th Cir. 2014). In Rostan, the district court entered an order of garnishment against Rostan's investment accounts - twelve years after the original criminal judgment was entered and five years after an amended criminal judgment was entered to explicitly provide that restitution was due immediately. Id. at 799. On appeal from the garnishment order, Rostan challenged the imposition of interest, complaining that both the original and amended judgments were silent as to whether interest was imposed on the restitution amount. Id. at 800. After the Eleventh Circuit determined that interest had been imposed as a matter of law under § 3612(f)(1), id. at 800-01, the court turned to Rostan's implicit argument that the district court should have modified the accrued interest obligation in its garnishment

4

order, id. at 801-02. The Eleventh Circuit stated:

> It is true that the district court "may" modify the interest payment requirement. 18 U.S.C. § 3612(f)(3). . . . To the extent that we interpret Rostan's 2012 objections to the application for a writ of garnishment as a petition for relief from the previously imposed interest obligations, the district court had no basis to modify the mandatory § 3612(f)(1) interest payments in 2012. There is no question that in 2012, Rostan did have the ability to pay the interest required by § 3612(f)(1). Section 3612(f)(3) permits modification of the mandatory interest payment only where the defendant "does not have the ability" to pay it.

Id. Thus, the Eleventh Circuit implicitly recognized that a district court could modify an interest payment obligation post-judgment.

In the instant case, the interest obligation has grown to approximately 50% of the original restitution amount. Washington does not have the ability to pay this amount. And, the Court does not intend for the imposition of interest to become excessively penal. For this reason, and given Washington's plea for relief in light of his financial circumstances, the Court will limit the period of time that interest may accrue.

Upon due consideration, Washington's motion for modification of interest (doc. 142) is **GRANTED IN PART**.[1] It is hereby **ORDERED** that interest on the restitution judgment

---

[1] The Court cannot and will not make this modification retroactively.

5

shall cease to accrue as of September 1, 2018.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of August, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA